**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHRISTOPHER L. PARKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-551-NJR** |
| | ) | |
| | ) | |
| **ROB JEFFREYS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Plaintiff Christopher L. Parker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff makes the following relevant allegations in his Complaint (Doc. 2): He challenges fourteen provisions of the Illinois statute on conditions of parole and mandatory supervised release, including a number of provisions directed at persons required to register as sex offenders pursuant to the Sex Offender Registration Act (Doc. 2). See 730 ILCS §§ 5/3-3-7(a)(8), (9), (13), and (15); 730 ILCS § 5/3-3-7(b)(7.6), and 730 ILCS §§ 5/3-3-7(b.1)(1), (4), (5), (7), (9), (12), (13), (15), and (18). He alleges that the provisions are vague and unconstitutional. Because the provisions are vague, while he was on parole in 2019, he was improperly denied permission to work in Missouri, prohibited from patronizing a pizza place, denied work at a bar, and prevented from volunteering to sand bag during a flood (Doc. 2, pp. 3, 5, 8). Plaintiff seeks only declaratory relief.

Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 4). Plaintiff acknowledges that he has at least three cases that were dismissed as

1

frivolous and he cannot proceed IFP unless he shows that he will suffer imminent harm. 28 U.S.C. § 1915(g). As discussed below, Plaintiff is unable to satisfy this standard. Accordingly, his IFP Motion must be denied, and the Court will defer screening the Complaint until the filing fee is paid in full.

## In Forma Pauperis Motion

Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff does not deny that he has three strikes (Doc. 4). A review of documents filed in the electronic docket of this Court and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) confirms that Plaintiff has had more than three cases which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. These lawsuits include, but are not limited to, the following: *Parker v. Roeckman*, No. 13-cv-00820 (S.D. Ill. dismissed Sept. 13, 2013); *Parker v. Hammers*, No. 17-cv-01501 (C.D. Ill. dismissed Jan. 3, 2018); *Parker v. Hammers*, No. 17-cv-01504 (C.D. Ill. dismissed Jan. 2, 2018); *Parker v. Hammers*, No. 17-cv-01513 (C.D. Ill. dismissed Jan. 31, 2018); *Parker v. Illinois River Corr. Ctr. Operations Dep't*, No. 17-cv-01521 (C.D. Ill. dismissed March 8, 2018). Thus, Plaintiff has accumulated three "strikes" for purposes of Section 1915(g) and cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"Imminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.

2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts "deny leave to proceed [as a pauper] when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed [as a pauper]." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff fails to allege that he faces imminent danger. He alleges that if the statutes are not declared void, he will face a possible parole violation when he is released (Doc. 7). In his two motions for temporary restraining order and preliminary injunction (Docs. 6 and 7), he acknowledges that his release date is not until July 2021. *See also* IDOC Inmate Search, https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last visited June 11, 2020) (projected parole date is July 9, 2021). Thus, he faces no threat of an imminent parole violation. He also points to various activities that he was not allowed to participate in during his previous parole in 2019, but those are past injuries and he has not shown that these are going to reoccur in the immediate present. In Plaintiff's motions for injunctive relief, he notes that there is an ongoing pandemic, Covid-19, and that other inmates on his wing might be released if the statutes are declared unconstitutional, thus lowering the risk of contracting the illness (Docs. 6 and 7). He does not allege, however, that these individuals have Covid-19 or that a finding in this case would prevent him from suffering physical injury. As Plaintiff has stated, his release date is not until July 2021; thus, he would still remain incarcerated with other inmates during this time period. Accordingly, Plaintiff's allegations do not meet the standard for "imminent danger" and his claims in this case do not clear the three-strike hurdle.

**Temporary Restraining Order and Preliminary Injunction Motions**

In addition to his Complaint, Plaintiff has filed two motions for temporary restraining order and preliminary injunction (Docs. 6 and 7). He requests that the Court order Defendant to stop enforcing 730 ILCS §5/3-3-7(b.1)(1) which requires offenders required to register as sex offenders pursuant to the Sex Offender Registration Act to reside only at Department approved locations upon release from custody. He alleges that the statute prevents inmates from being released on their release date because they cannot locate appropriate housing.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

    1. a reasonable likelihood of success on the merits;

    2. no adequate remedy at law; and

    3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

4

Plaintiff fails to demonstrate that he is entitled to a preliminary injunction or TRO. Although he alleges that other inmates might be released if the Court stops the enforcement of the statute requiring inmates to secure appropriate housing, he has not shown a likelihood of success on the merits for himself because he is not entitled to immediate release. Further, he has not shown that he is likely to suffer irreparable harm absent an injunction. Plaintiff acknowledges that his current release date is not until July 2021, thus the provision does not currently apply to him and would not lead to his release. Although he alleges that other inmates might be released and their release would lessen his probability of contracting Covid-19, he has not shown that any of these individuals currently have the illness. Further, there are other methods of preventing the spread of Covid-19 that does not require release of individual inmates, including quarantining and isolating those infected with the illness. Thus, Plaintiff has not shown that he entitled to injunctive relief and his motions are **DENIED**.

**Disposition**

For the reasons set forth above, Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 4) is **DENIED**.

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action on or before **July 6, 2020**. If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

5

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  6/12/2020**

*/s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**